# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CLARENCE DEGEUS,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et. al.,<br><br>                              Defendants. | Case No.:  25-cv-3083-BJC-AHG<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

## INTRODUCTION

On November 11, 2025, David Clarence DeGeus, proceeding *pro se*, filed the instant complaint.  ECF No. 1.  Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP").  ECF Nos. 2.  For the reasons discussed below, the Court GRANTS Plaintiff's motion to proceed IFP.

## DISCUSSION

### I.  Motion to Proceed IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.  *See* U.S.C. § 1914(a); CivLR 4.5.  A court may authorize the commencement of a

25-cv-3083-BJC-AHG

suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the fee.  *See* 28 U.S.C. § 1915(a).

Plaintiff contends he receives monthly retirement payments of $1,867.57.  ECF No. 2 at 3.  He reports no employment history for the last two years, one bank account with a balance of $175, and a home valued at $25.  *Id*. at 4-5.  He lists expenses totaling $1,783.60 per month.  As submitted, it appears Plaintiff is unable to pay the one-time filing fee.  As such, the motion to proceed IFP is GRANTED.

**II.  Screening of the Complaint**

A complaint filed by any person proceeding *in formal pauperis* pursuant to 28 § 1915(a) is subject to a mandatory and *sua sponte* review, and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.   28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").  A court may also dismiss an action *sua sponte*, at any time, for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3); *Harmon v. Superior Ct. of State of Cal. In & For Los Angeles Cnty.*, 307 F.2d 796, 797 (9th Cir. 1962).

In his complaint, Plaintiff asserts claims under 42 U.S.C. § 1983, 42 U.S.C. § 407, California's Unfair Competition Law, fraud, conversion, negligence, and intentional infliction of emotional distress.  He names the County of San Diego, San Diego County Department of Child Support Services ("DCSS"), San Diego County District Attorney's Office, Family Support Division, Joseph Leon, Jesse Soto, Todd Faucher, Connie Martin, Mark Whitmore, Robert Lafer and Does 1 through 20 as defendants.  Plaintiff contends he challenges what he describes as "a decades-long pattern of unlawful child support enforcement by the County of San Diego[.]"  ECF No. 1 ¶ 21.  He alleges he sought recovery of overpayments of child support and a full audit of the child support account, through counsel, between 2023 and 2025.  ECF No. 1 ¶¶ 12, 13.   He maintains DCSS

25-cv-3083-BJC-AHG

"refused to revise its prior audits or extend the review period," and he received no meaningful relief in state court.  *Id*. ¶¶ 13, 15.  After signing a Compromise of Arrears Program agreement ("COAP"), for which he was provided assurances that the case would be closed and enforcement terminated, a statement was issued reflecting a balance owed of $52,933.21.  *Id*. ¶¶ 23, 24, 46.  He was notified that his social security benefits would be garnished, and he moved to quash the wage assignment.  *Id*. ¶¶ 24, 25.  Plaintiff alleges DCSS made misrepresentations regarding the balance owed during various hearings resulting in an overpayment of $48,932.90.  *Id*. ¶¶ 26, 27, 28, 29, 30, 33, 55, 56.

Plaintiff seeks compensation for the improper garnishment of his social security benefits and tax refunds, the improperly applied COAP payment, inflated balances, and mental, emotion and psychological stress.  *Id*. at 42-43.  He also seeks restitution, disgorgement, declaratory relief, and injunctive relief. *Id*. 43-44.  Having review Plaintiff's complaint, the Court finds it contains allegations sufficient to survive the "low threshold" to proceed beyond screening.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

## CONCLUSION AND ORDER

Based on the foregoing, the Court GRANTS Plaintiff's motion to proceed IFP.

**IT IS SO ORDERED**.

Dated:  June 3, 2026

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-3083-BJC-AHG