**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAVID CLARENCE DEGEUS,
Plaintiff,

v.

COUNTY OF SAN DIEGO, et. al.,
Defendants.

Case No.: 25-cv-3083-BJC-AHG

**ORDER DENYING MOTION FOR APPOINTMENT COUNSEL; GRANTING MOTION FOR SERVICE BY UNITED STATES MARSHAL; AND GRANTING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**

**[ECF Nos. 10, 11, 12]**

## INTRODUCTION

Pending before the Court are Plaintiff's motion for appointment of counsel, motion for service by the United States Marshal, and motion for leave to electronically file documents. ECF Nos. 10, 11, 12. For the reasons discussed below, the Court DENIES Plaintiff's motion for appointment of counsel, GRANTS Plaintiff's motion for service by the United States Marshal, and GRANTS Plaintiff's motion for leave to electronically file documents.

## DISCUSSION

### I. Motion for Appointment of Counsel

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560

F.3d 965, 970 (9th Cir. 2009). Under 28 U.S.C. § 1915(e)(1), a court may "appoint counsel for indigent civil litigants" based on a showing of "exceptional circumstances." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). In determining whether exceptional circumstances exist, the must evaluate both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither factor is dispositive, and must be viewed together. *Id.* The plaintiff has the burden of demonstrating exceptional circumstances. *See Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); *accord*, *Alvarez v. Jacquez*, 415 Fed. App'x. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); *Simmons v. Hambly*, 14 Fed. App'x. 918, 919 (9th Cir. 2001) (*same*); *Davis v. Yarborough*, 459 Fed. App'x. 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1)."). Additionally, a plaintiff must demonstrate that he made a reasonably diligent effort to secure counsel before he is eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915).

Plaintiff demonstrates his indigency and that he made diligent efforts to obtain counsel. *See* ECF No. 10-1 ¶¶ 4, 5. Plaintiff contends he requires counsel to prosecute this action because he suffers from significant physical and psychological limitations and PTSD which can substantially impair his ability to manage the demands of this litigation. ECF No. 10 at 3-4. He also contends the litigation is unusually complex, and he was able to get beyond screening only because he received the assistance of his daughter. *Id.* at 4.

The Court finds Plaintiff fails to demonstrate exceptional circumstances to support appointment of counsel. Plaintiff asserts claims for relief under 42 U.S.C. § 1983, 42 U.S.C. § 407, California's Unfair Competition Law, fraud, conversion, negligence, and

intentional infliction of emotional distress for the misrepresentations made by Defendants resulting in overpayment of child support and improper garnishment of his social security benefits and tax refunds. The issues presented by his claims are not unusually complex, and Plaintiff has demonstrated he has sufficient knowledge of the facts supporting his claims. In addition, there is little before the Court regarding the merits of Plaintiff's case to support a likelihood of success on the merits of his claims. Thus, at this stage of the case, the Court cannot find that Plaintiff is likely to succeed on the merits. *See Bailey*, 835 F. Supp. at 552 (denying motion for appointment of counsel because plaintiff did not offer any evidence in the motion, and it was too early to determine whether any of his claims would succeed on the merits). As such, the motion is denied.

## II. Motion for Service by the United States Marshal

Plaintiff requests service by the U.S. Marshal. Because Plaintiff is proceeding *in forma pauperis*, the Court may order service by the U.S. Marshal under 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process" in all cases in which the party is proceeding *in forma pauperis*"). Accordingly, the Court grants the motion.

## III. Motion for Leave to Electronically File Documents

"Except as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Electronic Case Filing Administrative Policies and Procedures Manual, § 2(b) (January 25, 2025) ["ECF Manual"]. "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities, in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id*. The ECF Manual refers to the Court's official website for CM/ECF technical specifications, *id*. at § 1(i), which include a "[c]omputer running on Windows 7 or higher, or MacOS X or higher, or Linux"; "[s]oftware to convert documents from a word processor format to PDF, such as

Adobe Acrobat; "[d]ocument scanner to convert paper documents to PDF files"; "[i]nternet access capable of downloading and uploading file sizes up to 35 MB"; a compatible browser, such as "Firefox 15 or higher, Microsoft Edge, or Safari 5.1 or higher"; and "[a]n email account to receive notifications from the Court." United States District Court, Southern District of California, Electronic Filing Information. If granted leave to file electronically, a plaintiff must register as a user with the Clerk's Office and as a PACER subscriber within five days of the date of the order. *See* ECF Manual.

Plaintiff represents he has access to the technical requirements necessary including a computer, software to convert documents, a scanner, internet access, a compatible browser, and email. ECF No. 12. He further affirms he has reviewed, and agrees to comply with, the CM/ECF rules and procedures. *Id*. Accordingly, Plaintiff's motion for leave to electronically file documents is GRANTED.

**CONCLUSION AND ORDER**

Based on the foregoing, the Court DENIES Plaintiff's motion for appointment of counsel, GRANTS Plaintiff's motion for service by the U.S. Marshal, and GRANTS Plaintiff's motion for leave to electronically file documents.

The Clerk of Court is DIRECTED to provide Plaintiff a blank Form 285 for the defendants along with certified copies of the complaint and summons. Plaintiff must complete the Form 285s as completely and as accurately as possible, and return them to the U.S. Marshal according to the instructions the Clerk provides.

**IT IS SO ORDERED**.

Dated: July 29, 2026

Honorable Benjamin J. Cheeks
United States District Judge